[No. 12177.   Department Two.   January 9, 1915.]

THE STATE OF WASHINGTON, *Respondent*, v.
STEWART STEELE, *Appellant*.[1]

INDICTMENT AND INFORMATION—SUFFICIENCY—INCLUDED OFFENSES
—ASSAULT—DEGREES.   Under Rem. & Bal. Code, § 2415, providing
that every person committing an assault without amounting to an
assault in either the first or second degrees shall be guilty of assault
in the third degree, an information charging assault with intent to
commit a felony, to wit, a rape, which is a charge of second-degree
assault, is sufficient to sustain a conviction for the lesser offense of
third degree assault, without specifically defining the crime of as-
sault in the third degree.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered May 23, 1914, upon a trial and
conviction of assault.   Affirmed.

*John Stringer* and *George F. Hannan*, for appellant.

*John F. Murphy* and *Robert H. Evans*, for respondent.

MAIN, J.—The defendant in this case was charged by the
information with the crime of assault in the second degree.
By the verdict of the jury he was found guilty of assault
in the third degree.   From the judgment entered upon this
verdict, the appeal is prosecuted.

The information, after reciting that the defendant was
accused of the crime of assault in the second degree, con-
tinued as follows:

"He, said Stewart Steele, in the county of King, state of
Washington, on the 19th day of February, 1914, did then
and there wilfully, unlawfully and feloniously make an as-
sault upon the person of one Camila Casaleri, a female per-
son, with intent then and there to commit a felony, to wit,
rape upon said Camila Casaleri, contrary to the statute in
such case made and provided, and against the peace and
dignity of the state of Washington."

[1]Reported in 145 Pac. 581.

The only question here for determination is whether the information charges a crime.

Section 2413, Rem. & Bal. Code (P. C. 135 § 321), provides what shall constitute an assault in the first degree. Section 2414 (P. C. 135 § 323) defines the crime of assault in the second degree. Section 2415 (P. C. 135 § 325) provides that every person who shall commit an assault without amounting to an assault in either the first or the second degrees, shall be guilty of an assault in the third degree. The information is laid under subdivision 6 of § 2414, which provides that:

"Every person who, under circumstances not amounting to assault in the first degree . . . shall assault another with intent to commit a felony . . . shall be guilty of assault in the second degree . . ."

The section concludes by fixing the penalty. Under § 2435, Rem. & Bal. Code (P. C. 135 § 365), the crime of rape is a felony. That the information was sufficient to charge an assault in the second degree is a question hardly open to debate. While this is not formally admitted, it does not seem to be seriously controverted.

But it is contended that, since the appellant was convicted of assault in the third degree, and the information does not charge that degree of crime, it is insufficient. In this we cannot concur. The information being sufficient to charge an assault in the second degree would sustain a conviction for the lesser crime of assault in the third degree.

It is argued, however, that, under the doctrine announced in *State v. Heath*, 57 Wash. 246, 106 Pac. 756, the information is insufficient. In that case the defendant was charged with the crime of assault with a deadly weapon with intent to inflict bodily injury. Upon motion of the prosecuting attorney, the charge was reduced to that of an assault. No change, however, was made in the complaint. Neither was a subsequent complaint or information filed. The defendant was convicted in the justice court by a jury, and ap-

pealed to the superior court, where he was again convicted. That case is distinguishable from the present in this: There, the gravamen of the offense for which the defendant was tried in both courts was that of an assault. Here the gravamen of the offense was the "intent to commit a felony," to wit, the crime of rape. As already stated, the information being sufficient to charge the crime of assault in the second degree, it would sustain a conviction for the lesser crime of assault in the third degree. To hold it was necessary to define the crime of assault in the third degree in the information charging an assault with intent to commit a felony, in order to sustain a conviction of simple assault, would be to extend the doctrine of the *Heath* case. This we think should not be done.

The judgment will be affirmed.

CROW, C. J., MOUNT, FULLERTON, and ELLIS, JJ., concur.