[No. 19145. Department Two. July 7, 1925.]

The State of Washington, *Respondent,* v. Harry G. Olsen, *Appellant.*[1]

Criminal Law (154)—Evidence—Opinions—Nature, Condition, and Relation of Objects. A finger print expert may not be asked to state his opinion as to how blood stains had been made upon a knife, where they might have been caused in many different ways.

Indictment and Information (101, 102-1)—Conviction of Lesser Offense—Assault—Degrees. Where an information for assault in the second degree includes the lesser offense of assault in the third degree, the accused may be convicted of the lesser offense, which is therefore properly submitted to the jury.

Same (101, 102-1). Under an information for second degree assault with a weapon likely to do great bodily harm, the evidence is sufficient to sustain a conviction for third degree assault, where it appears that the weapon may have been used defensively in the general fight that followed the accused's attack, and that, before any overt act was committed on the part of the prosecuting witness, accused struck the prosecuting witness and his wife with his fist or open hand.

[1]Reported in 237 Pac. 502.

CRIMINAL LAW (297)—INSTRUCTIONS—GRADE OR DEGREE OF OF-
FENSE. An instruction as to second degree assault, in the "manner
charged in the information," is not objectionable as limiting the
jury to the charge of assault with a deadly weapon, where, by other
instructions, the different degrees of assault were explained and
a verdict for third degree assault authorized, which was found,
showing that the jury could not have been misled by the contra-
dictory instructions.

Appeal from a judgment of the superior court for
Pacific county, Hewen, J., entered November 12, 1924,
upon a trial and conviction of assault. Affirmed.

*Welsh & Welsh* and *A. Emerson Cross,* for appellant.
*John I. O'Phelan* and *A. D. Gillies,* for respondent.

FULLERTON, J.—The appellant, Harry G. Olsen, was
informed against by the prosecuting attorney of Pa-
cific county for the crime of assault in the second de-
gree. The acts constituting the offense were stated in
the information in the following language:

"That said Harry Olsen on the 19th day of May,
1924, in Pacific county, Washington, then and there
being, did then and there wilfully, wrongfully and un-
lawfully commit an assault upon the person of Andrew
Sund with a weapon and thing likely to produce bodily
harm, to wit, a case knife, and did then and there in-
flict grievous bodily harm upon said Andrew Sund
with said case knife, contrary to the form of the stat-
ute in such cases made and provided and against the
peace and dignity of the State of Washington."

The jury impaneled to try the cause found the ac-
cused guilty of assault in the third degree, and on the
verdict he was adjudged guilty and sentenced to thirty
days in jail and to pay a fine of one hundred dollars.

The first error assigned on the appeal relates to
the exclusion of evidence. A finger print expert was
called on behalf of the appellant and testified to the
absence of finger prints upon the knife which the

state's witnesses said. had been used by the appellant in an assault he had made upon the prosecuting witness. He was further questioned concerning a microscopical examination he had made of blood stains upon the knife, and was then asked, "How in your opinion was the blood placed there from your examination?" To this question the state interposed an objection, which the trial court sustained on the ground that it was not a matter for expert opinion. Since the jury returned a verdict of assault in the third degree, and since an assault in that degree does not necessarily involve the use of a "weapon or other instrument or thing likely to produce bodily harm," it may be doubted whether the matter is now of any particular moment. But conceding that it is, we find no error in the ruling of the court. If the question how the blood stains got upon the knife was a material inquiry, it must be found by the jury from the evidentiary facts given in testimony at the trial. A skilled or expert witness may state that a certain cause could or might produce a certain effect, or conversely, that a certain cause could not or might not produce a certain effect, and in certain particular instances he is permitted to state that a certain cause would or would not produce a certain effect, but where the effect is shown, and it is of such nature that it might be caused in many different ways, the opinion of such a witness as to the way it was caused would add nothing to the general knowledge of the matter.

The second contention is that the court erred in submitting to the jury the question of the appellant's guilt of assault in the third degree. It is argued that the allegations of the information are insufficient to include the offense. But that the information states facts sufficient to constitute an assault in the second degree can hardly be successfully questioned, and this being

true, the appellant can be convicted thereunder of a lesser and included offense. This is the rule of the statute. By § 2167 (Rem. Comp. Stat.) [P. C. § 9383], it is provided that, upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information and guilty of any degree inferior thereto, or of an attempt to commit the offense; and by § 2168 (Ib.) [P. C. § 9384], it is provided that, in all other cases, the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information. Nor is the question a new one in this court. In *State v. Steele,* 83 Wash. 470, 145 Pac. 581, the precise question was before us. The defendant was there accused of an assault in the second degree and found guilty of an assault in the third degree. The charge was an assault with intent to commit rape, and it was contended that the information contained none of the elements of an assault in the third degree. We declined to accede to the contention, using this language:

"The information being sufficient to charge an assault in the second degree would sustain a conviction for the lesser crime of assault in the third degree."

The cases of *State v. Kruger,* 60 Wash. 542, 111 Pac. 769, and *State v. Reynolds,* 94 Wash. 270, 162 Pac. 358, upon which the appellant principally relies, are not contrary to the doctrine we here announce. In the first of these cases, it is true, the defendant was accused of the offense of assault in the second degree, and true, also, that we there held that he could not be convicted of the crime of assault in the third degree. But it was so held because the evidence introduced in the case did not justify such a conviction, not because it was

not an included offense. This is evident from the following language used in the opinion:

"There is no evidence whatever of an assault in the third degree. Appellant was guilty as charged, or he was not guilty. The evidence leaves no zone of speculation or room for compromise. But it is contended that assault in the second degree includes assault in the third degree, and that the court was warranted in submitting that crime to the jury, and that the verdict was sustained. It is true that the greater includes the less, but the defendant is not guilty of either unless the testimony brings him within the definition of a crime. It was never the intent of the law to submit a possible verdict upon a so-called included crime because included in law. It must be included in fact, and by the facts of the particular case."

In the second of the cases cited, the defendant was likewise charged with the offense of assault in the second degree and convicted of the offense of assault in the third degree, and we refused to let the conviction stand. But we refused for the reason stated in *State v. Kruger, supra,* not because it was not an included offense. On the contrary, we expressly stated that it was an included offense, using this language:

"In law, assault in the third degree is included within a charge of assault in the second degree, but where a defendant is charged with assault in the second degree, the question whether he is guilty of assault in the third degree should not be submitted to the jury unless the facts of the particular case are such that they will sustain a conviction of assault in the third degree."

In the case before us, the objection found fatal in the cases where we have refused to allow the conviction to stand does not obtain. Here there was abundant evidence to warrant the jury in finding an assault, or an assault and battery, upon the person of the prosecuting witness, committed without the use of the case

knife mentioned in the information, or without the use of any other instrument likely to produce bodily harm. The assault was made at the home of the prosecuting witness. The appellant went to the home accompanied by his brother. One of them carried a revolver. On reaching the home, they rapped on the door and were invited inside. After entering, one of them made accusations against the wife of the prosecuting witness which she resented in language perhaps more vehement than was necessary. As to what followed, the evidence is in conflict, but the state's evidence, which the jury had a right to believe, tended to show that the appellant struck the wife in the face, causing her to bleed at the nose, and that the husband then stepped in between them for her protection, when he was also struck by the appellant. The state's evidence shows that the wife then gathered the broom, that a son of the prosecuting witness who was in the room and the brother of the appellant joined in, and that the fight became general.. It further shows that, in due course, the fight was transferred from the house to the yard outside, where the side of the prosecuting witness was reinforced by a daughter and a son-in-law who lived in a neighboring house, and that thereupon the appellant and his brother resorted to the revolver to hold back the prosecuting witness and his forces while they effected their escape. When the fight was going on in the house the prosecuting witness received a severe scalp wound. It was testified on the part of the state that it was made with a case knife which the appellant picked up from the dining table. But even the state's evidence would warrant another conclusion. After the appellant assaulted the prosecuting witness, the fight was carried on by the witness and his assistants with such vigor that the appellant and his brother were thereafter largely on the defensive,

and we would gather that the prosecuting witness, his wife and his son were at all times between him and the table, and that he had no chance to pick up anything therefrom.

There is, however, direct evidence that the appellant began the affray; that, before any overt act occurred on the part of the prosecuting witness, the appellant struck both the wife and the witness with his fist or open hand, and this clearly was such an assault as would justify a finding of assault in the third degree, thus distinguishing the case from the cases upon which the appellant relies.

The court gave to the jury, among others, the following instruction:

"The court instructs you that an assault is an intentional attempt to commit an unlawful violence upon the person of another, coupled with the ability to commit such violence, or with the apparent present ability to commit the same; and a battery is the accomplishment of the attempt.

"Any violent, unlawful and wrongful touching of the person of another is a battery. Unless the jury are convinced from the evidence received in this case, beyond a reasonable doubt as hereinafter explained to you that the defendant at the time and place, and in the manner charged in the information, committed either assault in the second or third degree, their verdict should be one of acquittal. If they are so convinced beyond a reasonable doubt their verdict should be returned guilty in such degree as they find the defendant committed."

It is argued that this instruction limits the jury to a finding that the assault was made with a case knife; that an assault with a case knife is, as matter of law, an assault in the second degree, since it is an assault with an instrument "likely to produce bodily harm" as those words are used in the statute; that the instruction, whether correct or incorrect, became the law of

the case, which the jury were not at liberty to disregard; that the jury could, under the instruction, return but one of two verdicts, a verdict finding the defendant guilty of an assault in the second degree, or a verdict of not guilty; and that the verdict of the jury is erroneous because not within the law of the case. But we are not persuaded that this reasoning is applicable to the situation presented by the record. The court elsewhere in its instructions defined the different degrees of assault included in the charge made in the information, and distinctly told the jury that they might find the defendant guilty of either degree, owing to the manner they determined the assault was made. This instruction, it would seem, is as much the "law of the case" as is the quoted instruction, and since the verdict was within the instruction, it cannot be said to be erroneous because without the law of the case. The error of which the appellant is entitled to complain, if there is error at all, is that the instructions are contradictory. But this question we need not determine. Contradictory instructions are ground for reversal only where the verdict indicates that the jury may have been misled by them. Here the verdict conclusively shows that the jury were not misled. They returned the lesser verdict, showing that they understood the instructions as the court intended them to be understood.

There is no reversible error in the record, and the judgment will stand affirmed.

Tolman, C. J., Askren, Holcomb, and Mackintosh, JJ., concur.