[No. 25885.   Department One.   November 22, 1935.]

THE STATE OF WASHINGTON, *Respondent*, v. ELMER
JOHNSON *et al., Appellants.*[1]

*Hall & Schaefer* and *Vanderveer & Bassett,* for appellants.

*Eugene G. Cushing* and *R. Dewitt Jones,* for respondent.

MITCHELL, J.—By an information filed in the superior court for Clark county on February 4, 1935, it

[1]Reported in 52 P. (2d) 317.

was charged that Elmer Johnson, Richard Lackney, and Edward B. Blackwell, on or about February 2, 1935, in that county, willfully, unlawfully and feloniously inflicted grievous bodily harm upon Charles R. Burchfield. Upon trial before a jury, the defendants were found guilty of the crime of assault in the third degree, and have appealed from a judgment of guilty of the crime of which they were convicted and sentences against each of a term in jail and a fine.

■■ The first assignment is that error was committed in denying their motion in arrest of judgment.

Whether considered under Rem. Rev. Stat., § 2183 [P. C. § 9343], or court rule of practice, Rem. Rev. Stat., § 308-9 [P. C. § 8676-12], there can be no application of any of the causes for arrest of judgment unless it be that the facts stated in the information do not constitute a crime or misdemeanor, or that there has been no proof of some element of the crime for which the defendant has been tried.

As to the first of these, the information is clear and sufficient in its statement of facts constituting the crime; and, as to the second, because there is no statement of facts or bill of exceptions brought up in the case, all presumptions must be indulged in to the effect that sufficient proof was given at the trial to establish all the elements of the crime for which the appellants were tried and convicted.

■ The second assignment is that:

"The court erred in adjudging the appellants guilty of assault in the third degree."

The judgment is in accordance with the verdict. The real contention, however, is that the appellants should not have been convicted of the crime of assault in the third degree, nor the conviction allowed to stand, because it is not an included offense within the charge contained in the information.

The statutes define three degrees of assault. Rem. Rev. Stat., § 2413 [P. C. § 8758], provides that anyone who, with intent to kill a human being or to commit a felony upon the person or property of the one assaulted, shall assault another with a firearm or any deadly weapon or force or means likely to produce death, or by the administration of poison, shall be guilty of assault in the first degree. Nothing of that kind is charged in this information.

Rem. Rev. Stat., § 2414 [P. C. § 8759], subd. 3, provides that every person who, under circumstances not amounting to assault in the first degree, "shall willfully inflict grievous bodily harm upon another with or without a weapon," shall be guilty of assault in the second degree.

Rem. Rev. Stat., § 2415 [P. C. § 8760], says that every person who shall commit an assault or an assault and battery not amounting to assault in either the first or second degrees, shall be guilty of an assault in the third degree.

As stated, the information in this case accuses the appellants of having unlawfully inflicted grievous bodily harm upon Charles R. Burchfield, using the language of subd. 3 of the statute defining assault in the second degree.

Assault in the third degree is included in the charge of assault in the second degree and should be submitted to the jury whenever there is evidence in the case warranting it. Such is the holding in this state.

In *State v. Steele,* 83 Wash. 470, 145 Pac. 581, it was contended that a conviction of third degree assault could not stand where the information did not charge that particular crime. It was held, however:

"The information being sufficient to charge the crime of assault in the second degree, it would sustain a conviction for the lesser crime of assault in the third degree."

In *State v. Reynolds,* 94 Wash. 270, 162 Pac. 358, in holding that assault in the third degree is included within a charge of assault in the second degree, it was, upon the question of practice, said:

"The trial court, in its instructions, submitted to the jury the included offense of assault in the third degree. The only question here for determination is whether it was error to submit the question to the jury whether the appellant was guilty of assault in the third degree. In law, assault in the third degree is included within a charge of assault in the second degree, but where a defendant is charged with assault in the second degree, the question whether he is guilty of assault in the third degree should not be submitted to the jury unless the facts of the particular case are such that they will sustain a conviction of assault in the third degree."

This rule was followed with approval in *State v. Olsen,* 135 Wash. 240, 237 Pac. 502.

In the present case, as already noticed, there is no statement of facts or bill of exceptions; wherefore, we must, and do, assume that sufficient evidence was introduced at the trial to justify the verdict, judgment and sentence against each of the appellants.

Affirmed.

BLAKE, TOLMAN, STEINERT, and GERAGHTY, JJ., concur.