**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Ronnie DETHROW, Defendant-Appellant.**

**No. 35415.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

May 21, 1974.

Lee & Randall, Murry L. Randall, Robert J. O'Hanlon, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Ellen S. Roper, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

McMILLIAN, Judge.

This is an appeal by defendant, Ronnie D. Dethrow, from a judgment of conviction entered by the Circuit Court of the City of St. Louis, Missouri, on a jury verdict, which found him guilty of burglary second degree. § 560.045, RSMo 1969, V.A.M.S. Pursuant to § 556.280(1), RSMo 1969, V.A.M.S., the court sentenced defendant to serve eight (8) years in the custody of the Department of Corrections.

For his claims of error defendant has raised three points: (1) failure of the court to permit him on cross-examination of a police officer to elicit testimony as to the results of an examination of the stolen goods and automobile for fingerprints; (2) failure of the court to permit his counsel in final argument to draw unfavorable inferences from the state's failure to offer fingerprint evidence and (3) failure of the court to permit a broad examination of a venireman on·voir dire examination. For reasons set forth herein, we affirm.

During voir dire examination in response to a question by counsel for defendant, a venireman indicated a possible

bias to favor the testimony of a police officer. After the state objected to the form of the question, the court rephrased the question as follows:

"THE COURT: The question . . . is this: Are you inclined to accept the testimony of a police officer even before the trial starts and without hearing that testimony and without weighing it by the same standard as you would weigh any witness's testimony?

"GERARD MCMAHON, JR.: No.

"THE COURT: You would weigh the testimony by the same standard that the Court instructs you, by the same standard that governs every witness's testimony?

"GERARD MCMAHON, JR.: Yes."

Defendant neither objected further nor requested that the juror be challenged for cause. The record is silent as to whether defendant used a peremptory challenge to remove the venireman. The only reference thereto, we find, is in defendant's argument on his motion for a new trial. Moreover, the claimed use of a peremptory challenge to remove the juror was not brought forward in the Motion for a New Trial; thus the point was not preserved for review. While it is true that a juror is not the judge of his own qualifications, however, even a cursory examination of his responses to the court's questions shows him to be a fair-minded juror who would evaluate each witness's testimony by the same standards as given to him by the court. Inasmuch as the trial court is given broad discretion in controlling the examination of prospective jurors, State v. Richards, 467 S.W.2d 33, 38 (Mo.1971), under the circumstances here presented we find no abuse of discretion. So, too, the contention pertaining to the use of a peremptory challenge to remove the juror is without substance because there is no evidentiary basis in the record to support the claim; thus, this claim is dismissed. State v. McIntosh, 333 S.W.2d 51, 60 (Mo. 1960).

Defendant's claim of error on circumscribing his right to fair comment in the final argument is so inextricably tied into his first claim of error that both shall be considered together.

From the evidence presented, the jury could have reasonably found that on January 29, 1972, a television and stereo set were stolen from the home of Albert Merton in the City of St. Louis. On the same evening as Officer Powell, a St. Louis police officer, turned his police cruiser into an alley near Merton's home, he saw two men placing a television set into the trunk of a car. As he approached the car, both men fled on foot. Within a short time less than a mile from the alley, both men were apprehended. One was identified as the registered owner of the car, Thomas Wesley Maddox, and the other, the defendant. Mr. Merton identified the television and stereo set found in the trunk of the car as his missing property.

On re-cross examination Officer Powell stated that officers from the Evidence Technician Unit came to the scene. When defendant's counsel began an inquiry as to their purpose, the state's attorney objected that such testimony was irrelevant and immaterial. Furthermore, according to the prosecutor's assessment not only was such evidence negative but also the state was under no duty to produce fingerprints. Defendant's attorney responded that after the prosecutor told him he was not going to call all the people endorsed, he would like to have them all there. After a colloquy the court sustained the objection, and told defendant that he could ask the question as to whether or not the ETU was called, but could not ask the witness what they did. Continuing, the court volunteered that in the event defendant desired to argue the absence of fingerprints, there would have to be some evidence that the burglars wore no gloves. Defendant's attorney then inquired if the court was going to exclude all evidence about the laboratory investigation—to which the court replied, "From this man."

None of the cases cited by either defendant or the state, wherein it is stated that the state is neither required to use fingerprint evidence nor account for their absence, are apposite. The issue here is whether the court's ruling precluded defendant from proving the negative fact that the state searched for and was unable to find any fingerprints. And, whether before any such proof would be admitted defendant was bound to show that the men present at the car did not wear gloves.

■ The state's answer to the argument of defendant is that Officer Powell was a mere patrolman, not an evidence technician, and that Powell was not present when the car was processed. In State v. Whipkey, 361 Mo. 1008, 238 S.W.2d 374, 377 (1951), the court said that the purpose of a trial is the proof of all relevant facts that the jury may determine the truth; and the proof of a fact tending to contradict and possibly discredit other testimony, due to mistake or other cause, of the same witness to another fact is proper or relevant to the issue. In State v. Tevis, 340 S.W.2d 415, 420 (Mo.App.1960), the court said evidence is relevant if the fact it lends to establish tends to prove or disprove a fact in issue. Before evidence can be excluded on the ground that it is irrelevant, it is essential that it appear so beyond a doubt.

■ No one would contend where there is proof of absence of fingerprints that the state could not prove any fact tending to explain their absence. In State v. Lewis, 482 S.W.2d 432, 435 (Mo.1972), the state was permitted to prove that gloves were found in the car after defendant had proved that the state had not found his fingerprints in the car. Likewise negative facts where relevant may be proved by negative evidence, Westlake v. Westlake, 201 S.W.2d 964 (Mo.1947), and Furman v. St. Louis Union Trust Co., 92 S.W.2d 726, 732 (Mo.1936). Consequently, the state's objection that the lack of fingerprints was inadmissible because they were negative evidence was without merit. Clearly, the absence of fingerprints, unless explained, would have some probative value so as to aid the jury to determine a crucial issue in the case. See State v. Cooper, 2 N.J. 540, 67 A.2d 298, 304 (1949) and State v. Olsen, 237 P. 502 (Wash.1925).

■ The court remarks that before evidence of the absence of fingerprints could be argued a foundation must be shown that neither subject, observed in the alley by the car, wore gloves was ambiguous. Obviously, the court would be in error under the circumstances herein, if the remarks intended to convey the impression that defendant must show he wore no gloves before evidence of the absence of fingerprints could be received. On the other hand, if the court was merely stating that before defendant could argue the absence of evidence in final argument there must be some supporting evidence, then the court was quite correct. But neither alternative decides the issue before the court. A close reading of the occurrence indicates that defendant is laboring under a misconception as to what the court, in fact, said. The court said two things; first, that defendant could not ask Officer Powell what the ETU did. In making this ruling, the court was quite correct because Officer Powell's testimony showed that he was not present when the car was processed. Therefore, he had no first hand knowledge or original evidence as to what the ETU either did or found. Any information possessed by Officer Powell, if he had any information—no offer of proof was made by defendant as to what his testimony would have been—is pure hearsay. Secondly, the court told defendant that if he intended to argue the absence of fingerprints, there would have to be a basis in evidence that these men did not have gloves on. To show that the inquiry was yet open, the court concluded by saying, " . . . I'll sustain the objection at this time." Thereafter, there was no further follow up by defendant. Accordingly, we find on the whole record that the defendant was not

precluded from proving the absence of fingerprints, but only from proving them by Officer Powell, and correctly so since the evidence showed he was not present. So, since no proof of the absence of fingerprints was developed, obviously the court was not in error by not permitting defendant to argue an issue not in evidence. State v. Cuckovich, 485 S.W.2d 16, 27 (Mo.banc 1972). A simple solution to the whole problem would have been for defendant to call as his witness the ETU to establish what, if anything, it did or found.

Judgment affirmed.

SMITH, P. J., and GUNN, J., concur.