**STATE of Missouri, Plaintiff-Respondent,**

v.

**Larry Darnell LONG,
Defendant-Appellant.**

**No. 36735.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

April 20, 1976.

James C. Jones, Asst. Public Defender, Joseph W. Warzycki, Public Defender, St. Louis, for defendant-appellant.

Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

RENDLEN, Judge.

Larry Darnell Long appeals his conviction of robbery first degree by means of a dangerous and deadly weapon. Appellant was sentenced by the court to fifteen years imprisonment under the Second Offender Act, § 556.280 RSMo 1969, V.A.M.S., and by this appeal presents two allegations of error: (1) "The trial court erroneously interrogated members of the jury panel on voir dire examination regarding particular verdicts rendered in their prior experience as jurors in criminal cases"; and (2) the trial court erroneously permitted testimony that two days after the robbery defendant was seen with Rodney Jones who at the time of trial was in the City Jail.

On October 27, 1973, at about 5:15 p. m., appellant entered the Olive Street Flagg Brothers Shoe Store and began examining the shoes on display. The manager, Johnny Jack, inquired if he could be of service but appellant advised "he was just looking right now." A few moments later appellant approached Mr. Jack and assistant manager Rodney Jones, threatened them with a pistol, announced "this is a robbery," then took Mr. Jack to a back room and bound him. Rodney Jones, apparently untied, remained in the front of the store and presently came to the back room, released Mr. Jack, then called the police. About $150 was taken.

During voir dire of the jury panel, the court inquired whether any had served on a criminal jury. Two veniremen responded affirmatively whereupon the court asked each about the verdicts rendered and was advised one ended with a hung jury and the other a verdict of not guilty. On defense counsel's objection, this line of questioning was not pursued. Examination of the veniremen was completed, a jury selected and sworn, and after preliminary instructions were given, appellant moved for a mistrial based on his previous objection. The motion was denied and the trial proceeded.

As appellant concedes, the court has broad discretion in controlling the examination of prospective jurors. *State v. Dethrow,* 510 S.W.2d 207, 209[2] (Mo.App.1974); *State v. Richards,* 467 S.W.2d 33, 38[11] (Mo.1971). In *State v. Clark,* 509 S.W.2d 740, 742[2, 3] (Mo.App.1974), cited by appellant, it is stated: "An appellate court will not in[t]erfere with this discretionary control of voir dire examination unless there is a demonstrable manifest abuse of that discretion and probable prejudice to the complainant . . . (citing cases). The burden is upon appellant to demonstrate that the court abused its discretion." In that case the trial court refused defense counsel permission to ask the question which appellant here complains was asked. Tested by

the standard that "an abuse of discretion occurs 'when a trial court's ruling is . . so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration.' *State v. Edmonds,* 468 S.W.2d 685, 688 (Mo.App.1971)." *Clark, supra* at 742[4]; the court found no abuse of discretion, rejecting out of hand the proposition that a juror who participates in rendering a guilty verdict is thereafter prejudiced against all defendants.

■ Similarly we reject appellant's suggestion that knowing of prior verdicts might in some way influence the less experienced panel members, and we do not accept the notion that jurors are so incapable of independent thought they would be improperly influenced by the knowledge that fellow members of the panel had participated in a criminal case. Further, of the responding veniremen one participated in a hung jury and the other in a jury reaching a verdict of not guilty. There is no suggestion and we cannot perceive how inquiry as to these verdicts prejudiced the jury *against* appellant. The point is denied.

Appellant next claims error in admission of testimony placing him in the company of Rodney Jones (the assistant store manager of the robbed store) two days after the robbery and that Jones was in City Jail at the time of trial. In his brief appellant concedes the point was not included in his motion for a new trial and thus had not been preserved for review, Rule 27.20(a), V.A.M.R.; *State v. Peterson,* 518 S.W.2d 1, 3[2] (Mo.1974); *State v. Henderson,* 510 S.W.2d 813, 821[12] (Mo.App.1974), but seeks consideration of the point as plain error.

■ Appellant contends the testimony of State's witness Pona that he saw Jones and defendant together two days after the robbery was irrelevant, citing *State v. Walden,* 490 S.W.2d 391, 393[1] (Mo.App.1973), for the proposition that evidence is relevant if it " 'tends to prove or disprove a fact in issue, or to corroborate evidence which is relevant and which bears on the principal issue.' " In this as in all criminal cases the State has the burden of proving defendant

guilty beyond a reasonable doubt and all elements of the crime including identity of the accused must be shown. *State v. Henderson,* 510 S.W.2d 813, 821[9] (Mo.App. 1974). Here, to justify the court's ruling it could reasonably be argued the testimony of witness Pona tended to corroborate the identification testimony of witness Jack. Also defense counsel made no objection to later testimony of defense witness Cathy Causey linking appellant and Jones as good friends. However, it is not this testimony per se which appellant regards objectionable, rather he argues, this evidence coupled with testimony that Jones was at the time of trial incarcerated in the City Jail, brands appellant with guilt by association. In response the State argues that Jones, present at the time of the robbery, was a good friend of the appellant and if called to testify, would be expected to give evidence favorable to appellant, "possibly establishing his innocence." The State further argues that in closing argument the prosecutor may comment on defendant's failure to call a witness who would be expected to give favorable testimony and who is peculiarly available to that defendant, citing *State v. Barron,* 465 S.W.2d 523 (Mo.1971), concluding that "the prosecutor should be allowed to elicit such testimony . . . to show that the absent witness was available to the defendant for the purpose of presenting his testimony." We do not agree for two reasons: First, on learning Jones was incarcerated in the City Jail appellant brought him to court under subpoena and then learned that Jones refused to testify; these facts vitiate the State's argument. Second, evidence of Jones' presence in the City Jail is at best only casually relevant or remotely connected to the issues, if at all. However, admission of irrelevant or immaterial evidence is seldom grounds for reversal absent a showing of prejudice to appellant. *State v. Vernor,* 522 S.W.2d 312, 315[1–3] (Mo.App.1975); *State v. Parker,* 476 S.W.2d 513, 515[1] (Mo.1972). While we are mindful that "error in admission of evidence should not be declared harmless unless it is so without question,"

*State v. Maxwell,* 502 S.W.2d 382, 393[14, 15] (Mo.App.1973); *State v. Degraffenreid,* 477 S.W.2d 57, 64[14] (Mo.banc 1972), in this case where evidence of guilt was clear and convincing and the only possible prejudice was an inference of guilt by association, neither developed nor relied upon by the prosecution, we cannot declare admission of the testimony resulted in manifest injustice. The contention of plain error is denied.

Judgment affirmed.

CLEMENS, P. J., and STEWART, J., concur.