[No. 3547–6–III. Division Three. October 9, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. RAYMOND ARTHUR JIMERSON, JR., *Appellant.*

416

*Richard L. Cease, Public Defender,* and *Paul J. Wasson, Assistant,* for appellant.

*Donald C. Brockett, Prosecuting Attorney,* and *Gregory G. Staeheli, Deputy,* for respondent.

Munson, J.—Raymond Arthur Jimerson, Jr., appeals his conviction on two counts of second degree assault. We reverse for failure to give an instruction on simple assault.

On December 22, 1978, Jimerson was driving his car and was accompanied by several friends. The car spun out on ice and snow near two off–duty policemen walking to a Christmas party. The policemen went over to the car to suggest that Jimerson drive more carefully. Jimerson and party responded by hurling epithets; Jimerson started to get out of the car, apparently prepared to fight. What then ensued is in question, but it appears the policemen identified themselves and forced Jimerson back into the car by pushing or possibly by grabbing his hair. Jimerson then

drove away in one direction while the police proceeded in another. However, Jimerson turned around and accelerated rapidly toward the policemen on the other side of the street. The two officers tried to evade the car by climbing an embankment. One of them pulled his service revolver and fired at the oncoming car, putting a hole in a door; no occupant was injured. The car swerved toward the officers, but missed them. Jimerson then drove away and went home. Both he and his wife later called the police to report this incident; an investigation resulted in Jimerson's arrest and eventual conviction.

Jimerson testified that he had no intention of running down the officers, but merely intended to drive by, splashing them with slush. A jury nevertheless found him guilty of second degree assault. He asserts two grounds of appeal.

Jimerson first argues that he should have been allowed a jury instruction as to the lesser included offense of simple assault. Jimerson was charged with assault in the first degree under RCW 9A.36.010,[1] and an instruction was given as to the lesser included offense of assault in the second degree pursuant to RCW 9A.36.020.[2] Jimerson's proposed instruction on simple assault was denied because the court believed there was insufficient evidence.

---

[1] RCW 9A.36.010:

"(1) Every person, who with intent to kill a human being, or to commit a felony upon the person or property of the one assaulted, or of another, shall be guilty of assault in the first degree when he:

"(a) Shall assault another with a firearm or any deadly weapon or by any force or means likely to produce death; or

"(b) Shall administer to or cause to be taken by another, poison or any other destructive or noxious thing so as to endanger the life of another person.

"(2) Assault in the first degree is a class A felony."

[2] RCW 9A.36.020:

"(1) Every person who, under circumstances not amounting to assault in the first degree shall be guilty of assault in the second degree when he:

"(a) With intent to injure, shall unlawfully administer to or cause to be taken by another, poison or any other destructive or noxious thing, or any drug or medicine the use of which is dangerous to life or health; or

"(b) Shall knowingly inflict grievous bodily harm upon another with or without a weapon; or

■ In *State v. Workman,* 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978), the court held:

Under the Washington rule, a defendant is entitled to an instruction on a lesser included offense if two conditions are met. First, each of the elements of the lesser offense must be a necessary element of the offense charged. . . . Second, the evidence . . . must support an inference that the lesser crime was committed.

(Citations omitted.)

■ Neither the present nor the former criminal codes defined the word "assault." We presume this is because it has been firmly established in this state that an assault is an attempt, with unlawful force, to inflict bodily injury upon another, accompanied with apparent present ability to give effect to the attempt if not prevented. *State v. Garcia,* 20 Wn. App. 401, 403, 579 P.2d 1034 (1978); *State v. Norby,* 20 Wn. App. 378, 381, 579 P.2d 1358 (1978); *State v. Murphy,* 7 Wn. App. 505, 511, 500 P.2d 1276 (1972). *Cf. State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973); *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 505, 125 P.2d 681 (1942); *State v. Bishop,* 6 Wn. App. 146, 491 P.2d 1359 (1971). Thus, simple assault as defined by the legislature[3] concerns an assault which involves neither the intent nor the result denoted in the definition of assault in the first, second or third degree.[4]

---

"(c) Shall knowingly assault another with a weapon or other instrument or thing likely to produce bodily harm; or

"(d) Shall knowingly assault another with intent to commit a felony.

"(2) Assault in the second degree is a class B felony."

[3]RCW 9A.36.040 states:

"(1) Every person who shall commit an assault or an assault and battery not amounting to assault in either the first, second, or third degree shall be guilty of simple assault.

"(2) Simple assault is a gross misdemeanor."

[4]RCW 9A.36.030 states:

"(1) Every person who, under circumstances not amounting to assault in either the first or second degree, shall be guilty of assault in the third degree when he:

The first condition of lesser included offenses has been met. *State v. Johnson,* 184 Wash. 493, 496, 52 P.2d 317 (1935).

As to the second element, whether the evidence supports the inference that the lesser crime was committed, the facts determine whether a lesser included offense instruction should be given. *State v. Johnson, supra* at 496, quoting from *State v. Reynolds,* 94 Wash. 270, 276, 162 P. 358 (1917), states:

> In law, assault in the third degree [under the previous criminal code assault in the third degree was defined in the same manner as is simple assault now] is included within a charge of assault in the second degree, but where a defendant is charged with assault in the second degree, the question whether he is guilty of assault in the third degree should not be submitted to the jury unless the facts of the particular case are such that they will sustain a conviction of assault in the third degree."

In *Johnson,* there is no statement of facts and so it is impossible for this court to determine how the assault was committed. However, in *State v. Emerson,* 19 Wn.2d 700, 144 P.2d 262 (1943), the evidence supported an allegation that an assault had been committed with a knife. There, the court held that the defendant was guilty of assault in the second degree or not guilty of any degree of assault. Similarly, in *State v. Snider,* 70 Wn.2d 326, 422 P.2d 816 (1967), on the charge of robbery, Snider had pleaded guilty to grand larceny resulting from his taking a wristwatch off the victim's arm after an affray had ceased. Snider also testified that a codefendant, Olson, had been engaged in the fight and had some money and a wallet in his hands. The court there held that as to Olson there was no error in failing to give a lesser included offense instruction because he was either guilty of the robbery or nothing. Here, the State

"(a) With intent to prevent or resist the execution of any lawful process or mandate of any court officer or the lawful apprehension or detention of himself or another person shall assault another; or

"(b) With criminal negligence, shall cause physical injury to another person by means of a weapon or other instrument or thing likely to produce bodily harm.

"(2) Assault in the third degree is a class C felony."

argues that a simple assault could not be accomplished with a car. However, if the intent of assault is not to be carried out by the car but rather the car is to be used to put some other nondeadly force into motion which amounts to an assault, such as slush or water from a mud puddle, then the car could be used to commit a simple assault. Here, Jimerson testified his intention was not to hit the officers with his car, but only to spray them with slush from the icy and wet road. He also testified he drove the car up the bank and then swerved away as a reflex action upon seeing one of the officers draw his gun. The trial court apparently weighed this testimony and found it wanting.[5]

Jimerson is entitled to a jury instruction on a lesser included offense if any evidence was produced which would justify a reasonable person in concluding that the lesser included offense had been committed. *State v. Burley,* 23 Wn. App. 881, 598 P.2d 428 (1979); *State v. West,* 18 Wn. App. 686, 571 P.2d 237 (1977). The credibility of Jimerson's testimony was for the jury to decide. We find the instruction on the lesser included offense of simple assault should have been given and the failure to do so was prejudicial error.

Jimerson also argued that he should have been able to cross–examine the police officers as to their knowledge of the elements of the various degrees of assault. His purpose

---

[5]The court in chambers stated:

"I examined that question and concluded that it would be improper for me to give instructions as to simple assault, not being supported by the evidence, that is, the only evidence one could find of simple assault was disputed and denied by the defendant. The police officers did not allege that the door–opening incident constituted any part of the assault, and other than that, I couldn't find any evidence that I could warrant the giving of that Instruction to the jury.

"As you say, the defendant has indicated that his intent was to splash these parties. I didn't hear any evidence that it was possible to splash the parties by way of their location and by way of road conditions. In addition, the evidence was that the automobile went up on whatever we call it, the knoll or embankment or whatever word you are prepared to accept.

". . .

". . . And it just didn't in any way cause me to believe a charge of simple assault for the actions alleged would apply. As a consequence, I denied that."

was to suggest a motive for falsified testimony—that the officers needed to allege a felony in order to justify to their superiors the firing of the sidearm.

■ The scope of cross–examination, particularly as to the relevancy of evidence sought thereby, is within the control and sound discretion of the trial court. *State v. Cerny,* 78 Wn.2d 845, 849, 480 P.2d 199 (1971); *Chase v. Beard,* 55 Wn.2d 58, 61, 346 P.2d 315 (1959); *Chase v. Tacoma,* 23 Wn. App. 12, 17, 594 P.2d 942 (1979). Discretion is abused when no reasonable person would take the action adopted by the trial court. *State v. Huelett,* 92 Wn.2d 967, 969, 603 P.2d 1258 (1979).

Pursuant to ER 401, evidence is relevant if it tends to make "the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The court found this line of cross–examination irrelevant since it tended only to prove the elements of the crime, not show the officers' mental states. We agree.

Defense counsel's proffered question asked for the specific elements of the crimes charged. Contrary to defense counsel's contentions on this appeal, he was not prevented from going into the concern of the officers in justifying their action. The objection was made and sustained only as to the officers' knowledge of the elements of assault. The objection and ruling were proper.

Reversed and remanded for new trial.

McINTURFF, A.C.J., and ROE, J., concur.

Reconsideration denied October 21, 1980.

Review denied by Supreme Court December 19, 1980.