**STATE of Missouri,
Plaintiff-Respondent,**

**v.**

**Henry Lee ROWAN,
Defendant-Appellant.**

**No. 49944.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 29, 1985.

Motion for Rehearing and/or Transfer
Denied Dec. 31, 1985.

Application to Transfer Denied
Feb. 18, 1986.

**8** 

———

Henry B. Robertson, Public Defender, St. Louis, for defendant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KAROHL, Judge.

Defendant, Henry Lee Rowan, was convicted by a jury of rape, § 566.030 RSMo Supp.1984. The trial court assessed punishment at twenty years imprisonment. We affirm.

Defendant does not challenge the sufficiency of the evidence from which a jury could reasonably find that on July 21, 1984, defendant raped an eleven year old girl. Defendant had lived with the prosecutrix and her mother for six months before the event in issue. Testimony of the prosecutrix, her mother who became a witness of the incident, police officers, hospital attendants and an expert-criminologist amply support the submissibility of the state's case. Defendant was the only witness for the defense; he denied having intercourse with the prosecutrix.

Defendant's sole point on appeal is that the trial court erred by limiting defendant from cross-examination of the state's expert-criminologist, and preventing closing argument about the nature of an unperformed test that could have determined the blood type of the prosecutrix' assailant from a substance identified by a test to be human seminal fluid. Defendant argues the excluded evidence was relevant and the argument proper to attack the state's burden of proof. Defendant further avers the unperformed test was a proper subject for the jury to consider.

 The trial court has broad discretion in ruling evidentiary matters, and its decision should be overturned only if it abuses that discretion. *State v. Clark*, 652 S.W.2d 123, 128 (Mo. banc 1983). The state bears

the burden of presenting sufficient evidence to make a submissible case. The state, however, is not required to gather and present all physical evidence conceivably germane to its case in chief. Therefore, the state is not required to account for its failure to gather or present such evidence. *State v. Simpson*, 611 S.W.2d 556, 560 (Mo.App.1981). *See State v. Terry*, 472 S.W.2d 426, 430 (Mo. banc 1971); *State v. Holmes*, 389 S.W.2d 30, 34 (Mo. 1965), affirmed 428 S.W.2d 571, 572 (Mo. 1968). Stated affirmatively, the state may determine the type or line of proof to meet its burden.

On direct examination the state's ciminologist testified that he examined the sexual assault kit prepared by the police on the prosecutrix, and the prosecutrix' nightgown and pair of panties. The expert testified the vaginal smear from the sexual assault kit was positive for the presence of human spermatozoa which indicated the prosecutrix had sexual intercourse with a man within approximately twenty-four hours before the specimen was taken. The test to determine the presence of human seminal fluid in a stain in the crotch of the prosecutrix' panties was positive also. The results of these tests were probative of the fact of intercourse and further served to anticipate the denial defense.

On cross-examination defendant asked the criminologist if further tests could have been run. The expert answered affirmatively, and agreed "those tests could have gotten into the area of enzyme typing." He explained the enzyme typing or blood tests were not conducted because "of the time involved in doing the tests we do not do the tests routinely." He said these tests were not done unless requested. Over the state's objection the trial court did not allow defendant to question the expert about what the blood tests would show.

 The state elected not to have the blood tests performed. At best the tests would have disclosed the blood type of the

man whose seminal fluid was tested. It would have been a test to determine identity which was not essential to the state's case because the state presented corroborated testimony of an eyewitness to the prosecutrix' identification of the defendant as the rapist. This is not a case in which the male was an unknown stranger and his identification doubtful. The state made a submissible case without the need of blood tests and was not bound to make such tests as to remove all considerations of innocence from the defendant.[1] Evidence is relevant if it logically tends to prove a fact in issue or corroborates relevant evidence which bears on the principle issue. *State v. Mercer*, 618 S.W.2d 1, 9 (Mo. banc 1981), *cert. denied*, 454 U.S. 933, 102 S.Ct. 432, 70 L.Ed.2d 240 (1981). Defendant's resort to "negative evidence" may be precluded to rebut the state's failure to introduce evidence beyond that which is necessary to make a submissible case.

Authorities from sister jurisdictions and one Missouri case are cited by defendant to support his contention that testimony and argument on the failure to perform tests is permissible and substantial when based on evidence and which might exonerate the defendant. The cases from other jurisdictions are not on point with the instant case because the arguments on the failure to perform such tests attack the inadequacies or complete failure to perform tests essential to make the state's case or because no explanation is given for the failure to perform such tests; not collateral or tangential tests or when an explanation is provided to negate the necessity of such tests. No case cited by defendant involves the failure to perform blood tests extending from tests to establish the presence of human spermatozoa in a rape victim. *See Eley v. State*, 288 Md. 548, 419 A.2d 384 (1980), (held reversible error to refuse to allow defense to comment on failure of state to present fingerprint evidence to

prove guilt when state offered no explanation for such failure). *Commonwealth v. Bowden*, 379 Mass. 472, 399 N.E.2d 482 (1980), (judge's instruction to jury that the non-existence of certain scientific tests and other evidence was not to be considered, held reversible error when defendant attacked integrity of police investigation and argued police contrived case against defendant: holding limited to circumstances of the case); *Commonwealth v. Rodriguez*, 378 Mass. 296, 391 N.E.2d 889 (1979), (evidence of inadequacies and unreliability of same or similar soil, hair and blood tests held admissible); *Commonwealth v. Pettie*, 363 Mass. 836, 298 N.E.2d 836 (1973), (failure of authorities to test for the presence of drugs in alleged murder victim's body held relevant when defendant claimed death was caused by overdose).

Defendant's reliance on *State v. Dethrow*, 510 S.W.2d 207, 210 (Mo.App.1974) in which the court said absence of fingerprint evidence would have some probative value is misplaced. The language in *Dethrow* has been cited in *State v. Crespo*, 664 S.W.2d 548, 553–554 (Mo.App.1983), as "*obiter dictim.*" The court in *Crespo* stated "[t]he Missouri Supreme Court's decision in *State v. Holmes* ... is controlling" on this issue, and held it is not trial court error to prohibit defendant "from arguing an adverse inference from the state's failure to take fingerprints."

Here defendant attempted to introduce evidence and argue the absence of tests which could have been exculpatory if the seminal fluids were found to contain a blood type other than defendant's. The results also could have been cumulative circumstantial evidence supporting the direct evidence testimony of two eyewitnesses. Such evidence was unnecessary to the state's case. The state performed tests needed to corroborate the testimonial evidence given. It was not bound to do anything further. Defendant's attempted ad-

---

1. Defendant has ample protection to pursue testing by his own experts. There is no unfairness in not requiring the state to prove guilt and also to disprove innocence.

verse inferences from "negative evidence" were neither invited by poor police work nor relevant to the state's case. We find the trial court did not err in precluding cross-examination evidence and argument about the unperformed tests.

Judgment affirmed.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.