STATE of Missouri, Respondent,

v.

Fidel STEWART, Appellant.

No. 50987.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 12, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 16, 1986.

Application to Transfer Denied
Feb. 17, 1987.

Ilene A. Goodman, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Munson Morris, Carrie Francke, Asst. Attys. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his conviction by a jury of robbery in the first degree and kidnapping. He was sentenced to terms of imprisonment of ten and five years to be served consecutively. We affirm.

At about 1:30 a.m. on December 17, 1982, the victim was parked at 1119 Goodfellow. Two men approached her car, and after asking for a cigarette, the shorter of the two men pointed a gun at her and ordered her to open the door. The shorter man got into the driver's seat and the taller man, later identified by victim as the defendant, got in the back. They drove to an alley some four or five blocks away.

While driving and in the alley, defendant went through victim's billfold and pockets removing $20, some change, and a gold chain from the victim's neck. After they left the alley, victim noticed a police car in a store parking lot. When the car was moving slowly to make a right turn, she jumped out and ran into the store, yelling to the policemen that she had been robbed. Within minutes she was taken to a location where one suspect was being held. She identified this suspect as the shorter man. Later, another suspect, in handcuffs, was walked towards her; and she identified him as the taller man, defendant. Defendant testified he had been with his girlfriend, left after a fight, was walking home, first saw two guys running past him, then had a police officer run up behind him and yell, "Hold it." Defendant said he ran because he thought his girlfriend had called the police on him and he was scared.

Appellant first claims error in the overruling of his objections when the defendant on cross-examination, was asked if he had lied about his address when arrested on a prior charge. Recognizing his failure to preserve the point by including it in his motion for new trial, defendant seeks review of this point as plain error under Rule 30.20.

On direct, defendant claimed he was first spotted by police as he was walking straight from his girlfriend's apartment at Hamilton and Cabanne to his home at 1529 Valley, a place directly north. On cross-examination, defendant was asked if he lived at 1382 Goodfellow in 1982. This location is to the northeast of his girlfriend's apartment. Walking straight from his girlfriend's apartment to this location would not have put the defendant in the area where the police first spotted him. The Goodfellow address was also only a few blocks from where the victim was seized. When defendant denied living at the Goodfellow address, he was asked if he had ever told anyone he had lived there in 1982. When he again answered negatively, he was asked whether, when he had been arrested on the forgery charge (he had already admitted on direct to having been convicted of forgery), he had given the Goodfellow address to the police. Defendant claims this is an improper inquiry into the details of a prior offense.

■ Section 546.260, RSMo (1978) provides, in part, a defendant in a criminal case who testifies on his own behalf "shall be liable to cross-examination, as to any matter referred to in his examination in chief." The defendant may be impeached by proof of a prior inconsistent statement or contradictory evidence where the statement or evidence is relative to matters inquired into in his examination in chief. *State v. Ballard,* 657 S.W.2d 302, 306 [1] (Mo.App.1983). Rules to protect a defendant from undue prejudice should not be used to allow a defendant to give false information without being confronted by prior inconsistent statements. *See State v. Barton,* 593 S.W.2d 262, 265 [6] (Mo.App. 1980). Even if the giving of administrative information such as a defendant's address was considered a detail of a prior crime, we find no plain error.

■ Defendant next claims error in admission of pictures of a gun found in the street near where the shorter man was arrested, as there was no evidence linking the gun to appellant or the offense he was accused of and was highly prejudicial. Victim testified the gun was similar in size and shape to that used by the shorter man, and

it was found in the location where the shorter man was arrested. This sufficiently connected the gun with the crime to allow for the admission of the evidence. *State v. Johnson,* 286 S.W.2d 787, 792 (Mo. 1956); *State v. Young,* 701 S.W.2d 490, 496 [6] (Mo.App.1985).

In his last point on appeal, defendant asserts the court erred in restricting his cross-examination of a police officer concerning the use of lineups as identification procedures. Defendant was identified in a one-on-one "showup" confrontation, a procedure that has been approved by this court. *State v. Overstreet,* 694 S.W.2d 491, 494–495 (Mo.App.1985). He sought cross-examination to establish lineups were more accurate and were the usual means of identification. The court did not abuse its discretion in so limiting the cross-examination. *State v. Rowan,* 703 S.W.2d 7 (Mo.App. 1985). In *Rowan,* the defendant was limited in cross-examination and final argument from showing that an unperformed test could have completely cleared him. The court said the State is only required to make a submissible case and a defendant can be precluded from using "negative evidence" to show the State could have done more. *Id.* at 9.

In the present case, the State made a submissible case through the victim's identification of the defendant at the "showup" and at trial, the testimony of the police officers who captured the defendant within minutes of the crime wearing clothing that matched the victim's description, and the physical evidence of the clothes defendant was wearing when arrested.

Judgment affirmed.

DOWD, P.J., and REINHARD, J., concur.