**STATE of Missouri, Respondent,**

v.

**Tommie Lee WEST, Appellant.**

**No. 51794.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 31, 1987.

Motion for Rehearing and/or
Transfer Denied
May 6, 1987.

Application to Transfer Denied
June 16, 1987.

Debborah Lambdin Stockhausen, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant was convicted by a jury of unlawful use of a weapon by carrying a concealed firearm. § 571.030.1(1), RSMo 1986. He was sentenced as a persistent offender to ten years' imprisonment. We affirm.

Additionally, defendant was charged with one count of assault in the first degree and another count of armed criminal action. The jury acquitted defendant of these two charges. Defendant testified he was carrying a concealed weapon at the time of the affray.

On May 29, 1985, defendant was working at a confectionery in the City of St. Louis. His duties included cleaning up, stocking shelves or whatever other jobs the owner could find around the store. Also on that date, one Phillip Coleman was among a group of people who had been loitering outside the store, drinking beer and singing. At some point, a girl came along selling belts and Coleman needed to get change from his five dollar bill in order to buy a belt. Coleman approached defendant, who was standing on the steps just outside the door of the store, and asked for change. An argument ensued.

There was conflicting testimony as to what happened. Coleman testified defendant "went off on him" and later pulled a gun and started shooting at him. Defendant testified Coleman became belligerent when defendant told him he didn't have change. Defendant claimed Coleman took a swing at him and then reached for a gun he had in his pocket. Defendant testified he pulled his own gun, which he admitted was concealed, and fired "warning shots" to scare Coleman.

Coleman was struck by bullets in his hand and the back of his head. He was then taken to Normandy Hospital where he underwent surgery for the removal of the bullets. Defendant fled the area after the shooting. On June 8, 1985, defendant was arrested for the May 29 altercation. At the time of the arrest, defendant was carrying a gun that the victim and another witness identified as similar to the one used on May 29.

Defendant claims reversible error in allowing the arresting police officer to testify defendant was in possession of a gun at the time of the arrest and in permitting the prosecutor to cross-examine defendant regarding the possession of the gun at the time of his arrest. He claims this testimony was impermissible evidence of other crimes. He also claims it violated his right against self-incrimination as guaranteed by the Fifth Amendment to the United States Constitution.

When defendant took the witness stand, he opened himself to cross-examination on any subject covered on direct examination. § 546.260, RSMo 1986. On direct examination, defendant claimed State's Exhibit No. 6 (the gun the arresting officer took from defendant) was not the gun he used to shoot Coleman and had never been in his possession. The State had the right to cross-examine defendant about the gun to try to show it was the gun actually used on May 29.

Moreover, the fact defendant was in possession of a gun at the time of his arrest was not evidence of another crime. The State was careful to avoid saying the gun was concealed and simply showed the gun was in the possession of defendant. Even if this was evidence of another crime, the testimony was relevant to show defendant's guilt on the charges of unlawful use of a weapon, armed criminal action and assault in the first degree. Evidence of other crimes is admissible if it shows in-

tent, lack of mistake or a common scheme. *State v. Williams*, 652 S.W.2d 102, 110[9] (Mo. banc 1983). The State had the right to show the gun they claim was used in the assault was found in defendant's possession.

The defendant also claims error in the admission of the gun found on defendant when he was arrested. He seeks review as a plain error under Rule 30.20. The gun was properly introduced into evidence because it was similar in form to the one used at the May 29 altercation and it showed the availability of the gun to the defendant. The gun was relevant to the charges against defendant. Two witnesses said the gun was similar to the one they saw in defendant's possession. The gun was found on defendant when he was arrested. The gun was accordingly connected to the May 29 crime. *State v. Stewart*, 723 S.W.2d 48 (Mo.App.1986). We find no plain error in the admission of this gun into evidence.

Judgment affirmed.

SATZ, P.J., concurs in result.

KELLY, J., concurs.