**Jose Erasmo CRESPO, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

**No. 86–1696.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1987.

Decided May 20, 1987.

Rehearing Denied July 16, 1987.

Priscilla F. Gunn, St. Louis, Mo., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY and FAGG, Circuit Judges, and WOODS,* District Judge.

HEANEY, Circuit Judge.

Jose Erasmo Crespo, a Missouri state prisoner serving a life sentence for capital murder, appeals from the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. Crespo contends that the district court erred in denying his petition because: (1) the admission of incriminating statements at trial violated his rights under the Constitution and *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and (2) the prosecutor deprived him of a fair trial by asking him an improper and prejudicial question during cross-examination. We affirm.

## I. ADMISSION OF CRESPO'S INCRIMINATING STATEMENTS.

On March 8, 1981, Crespo surrendered himself to the St. Louis City Police for the shooting of Jose Rodriguez. Detectives James Scego and Daniel Nichols interrogated him for twenty to thirty minutes, and Crespo gave two oral statements. After the first statement in which Crespo admitted shooting Rodriguez in self-defense, the detectives gave Crespo a waiver-of-rights form which contained a statement of his *Miranda* rights. Crespo signed the form but wrote on it that he did not wish to make a statement. Nevertheless, he continued to talk with Nichols and Scego, revealing the location of the gun with which he shot Rodriguez and signing a consent form enabling them to seize the gun from his home.

At the pretrial motion hearing and at trial, Nichols testified that Scego read Crespo his rights under *Miranda* before the interrogation began. According to Nichols, Crespo acknowledged that he understood his rights and then explained how he had shot Rodriguez in self-defense. Nichols also testified that Crespo orally qualified his written assertion of rights on the waiver form by telling the detectives he meant to exclude only taped or written statements. Scego did not testify at either the suppression hearing or at trial.

Crespo testified that Nichols and Scego did not read him his *Miranda* rights, but merely asked whether he understood them. Further, he testified that he told the detectives that he wanted to "hold" his fifth amendment rights until he had seen an attorney. Finally, he testified that he did not orally limit his written statement on the waiver form to refer only to written or taped statements.

Without making factual findings concerning credibility, the state trial court simply denied Crespo's motion to suppress the statements he made during the interrogation. It also admitted Nichols's testimony at trial concerning the statements Crespo made both before and after he signed the waiver form.

After carefully reviewing the record, we agree with the district court's conclusion that the factual findings the Missouri Court of Appeals made in affirming Crespo's conviction are dispositive of the ultimate constitutional questions concerning the admissibility of Crespo's statements.

*The HONORABLE HENRY WOODS, United States District Judge for the Eastern District of Arkansas, sitting by designation.

■ As to his first oral statement, Crespo claims (1) that the detectives did not inform him of his *Miranda* rights and (2) that he invoked his right to counsel. The Missouri Court of Appeals explicitly found that Crespo gave the first oral statement "after he had been informed of his rights." *State v. Crespo,* 664 S.W.2d 548, 551 (Mo. App.1983). Under section 2254(d), we must presume a state appellate court's findings of fact to be correct. *Sumner v. Mata,* 449 U.S. 539, 545–46, 101 S.Ct. 764, 768, 66 L.Ed.2d 722 (1981). Thus, we defer to the finding that Crespo received his rights at the outset of the interrogation, a finding which is supported in the record by Nichols's testimony at both the suppression hearing and trial.

We must also defer to the Missouri Court of Appeals' implicit finding that Crespo never invoked his right to counsel before making his first oral statement. Section 2254(d)'s presumption of correctness also applies to factual findings necessarily implicit in a state court's resolution of an issue so long as it is clear that the state court applied the correct legal standard. *See LaVallee v. Delle Rose,* 410 U.S. 690, 692–95, 93 S.Ct. 1203, 1204–05, 35 L.Ed.2d 637 (1973). Noting that Crespo and Nichols gave contradictory testimony and that resolution of such disputes is for the trial court, the Missouri Court of Appeals stated:

> The trial court was entitled to disbelieve appellant and believe Detective Nichols. * * * Thus, the trial court could have found that appellant never asserted his right to counsel before signing the waiver form. There was no plain error in admitting the first statement.

*State v. Crespo,* 664 S.W.2d at 551. This holding leaves no doubt that the court rejected Crespo's factual contention that he asserted his right to counsel. We defer to this implicit finding of fact. *See LaVallee v. Delle Rose,* 410 U.S. at 692, 93 S.Ct. at 1204.

As to Crespo's second oral statement, the Missouri Court of Appeals found that Nichols and Scego ceased questioning Crespo when they saw what he had written on the waiver form. They told Crespo they could no longer talk with him about the case. Crespo "then said that he meant only taped or written statements" and "proceeded to relate orally more details of the shooting and reveal the location of the rifle." *State v. Crespo,* 664 S.W.2d at 551.

These findings are supported by Nichols's testimony at the suppression hearing and at trial and bring this case squarely within the holding of *Connecticut v. Barrett,* —— U.S. ——, 107 S.Ct. 828, 93 L.Ed.2d 920 (1987):

> Barrett desired the presence of counsel before making a written statement. * * * Barrett's limited requests for counsel, however, were accompanied by affirmative announcements of his willingness to speak with the authorities. The fact that officials took the opportunity provided by Barrett to obtain an oral confession is quite consistent with the Fifth Amendment. *Miranda* gives the defendant a right to choose between speech and silence, and Barrett chose to speak.

*Id.* 107 S.Ct. at 832.

Thus, Nichols and Scego acted in conformance with the Constitution and *Miranda* in obtaining Crespo's second oral statement.

■ Because the Missouri Court of Appeals resolved factual questions concerning the contradictory testimony about the interrogation, the district court correctly rejected Crespo's request for an evidentiary hearing. *See Townsend v. Sain,* 372 U.S. 293, 312–18, 83 S.Ct. 745, 756–59, 9 L.Ed.2d 770 (1963). As the district court noted, a federal court's obligation to independently review the voluntariness of a confession does not also include holding an evidentiary hearing. Section 2254(d)'s presumption of correctness applies to subsidiary factual findings underlying a state court's resolution of the question of voluntariness. *See Miller v. Fenton,* 474 U.S. 104, 106 S.Ct. 445, 453, 88 L.Ed.2d 405 (1985).

## II. THE PROSECUTOR'S CROSS-EXAMINATION OF CRESPO.

At trial, the prosecutor asked Crespo on cross-examination: "Did you tell * * *

[Rodriguez], 'Don't die yet'? Did you tell him that?" State Transcript at 392–93. Crespo contends that this question was so prejudicial that it denied him a fair trial.

■ We must limit our review of this claim to determining whether the prosecutor's question was so egregious that it fatally infected the entire trial, rendering it fundamentally unfair and denying Crespo due process. *Hamilton v. Nix*, 809 F.2d 463, 470, 470 n. 4 (8th Cir.1987) (en banc). Crespo can meet this burden only by showing that absent the prosecutor's question there is a reasonable probability that the jury would have returned a different verdict. *Id.* at 470.

Initially, we note that Crespo's attorney neither objected to this question nor requested an immediate curative instruction. We also note that the trial court's general charge to the jury contained a pattern jury instruction that states in part: "You must not assume as true any fact solely because included in or suggested by a question asked a witness. A question is not evidence, and may be considered only as it supplies meaning to the answer." 1 *Mo. Approved Instructions—Criminal* 2.02, at 2–5 (2d ed. 1979).

■ Further, given the admissibility of Crespo's statements to Nichols and Scego, we find that the evidence against him was overwhelming. Although both of Crespo's statements supported his self-defense theory, they gave inconsistent versions of the shooting. Two of Rodriguez's neighbors gave eyewitness testimony that substantially undermined Crespo's self-defense theory. Other testimony rebutted Crespo's claim that he neither armed himself nor went in search of Rodriguez until after Rodriguez came to Crespo's home and made threats against Crespo's life. We thus conclude that there is no reasonable probability that the jury would have returned a different verdict absent the prosecutor's question.

Accordingly, we affirm the district court's denial of Crespo's petition for a writ of habeas corpus.