Henry S. WEBB, Appellant,

v.

Charles J. BLACK, Warden, Nebraska
State Penitentiary, Appellee.

No. 86–2334.

United States Court of Appeals,
Eighth Circuit.

Submitted June 1, 1987.

Decided Aug. 18, 1987.

Henry S. Webb, pro se.

Linda L. Willard, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before ARNOLD, Circuit Judge,
ROSS, Senior Circuit Judge, and
MAGILL, Circuit Judge.

ROSS, Senior Circuit Judge.

Henry S. Webb, a Nebraska state prisoner serving a six-to ten-year sentence for robbery, appeals pro se [1] the district court's [2] order summarily adopting the magistrate's [3] recommendation to deny Webb's habeas corpus petition under 28 U.S.C. § 2254. We affirm.

On June 26, 1980, Webb pled guilty to a charge of robbery and was sentenced to a term of not less than six years nor more than ten years in the Nebraska State Penitentiary. Webb appealed his conviction to the Nebraska State Supreme Court, claiming that his sentence was excessive. The Court summarily affirmed the trial court's decision. Webb then filed a petition for post-conviction relief in state court claiming that (1) his guilty plea was not knowingly and voluntarily entered because he was under "constant abuse by the Omaha Nebraska police"; and, (2) he was denied the effective assistance of counsel when his attorney failed to file a written motion to withdraw the guilty plea prior to sentencing. Specifically, Webb claimed that on the day of arrest, May 13, 1980, he was beaten by the Nebraska police and that, as a result of the abuse his plea was not voluntarily entered. He alleged, additionally, that he was involved in a "conflict" with the Nebraska police in the bathroom just prior to his plea hearing.

---

1. Webb was represented by counsel both at the time of his original conviction and sentencing, as well as at the filing of his habeas petition. By order of this court, dated November 24, 1986, Webb's court-appointed counsel was relieved of any further duties regarding this habeas action. *Webb v. Black*, No. 86–2334 (8th Cir. Nov. 24, 1986).

2. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

3. The Honorable David L. Piester, United States Magistrate for the District of Nebraska.

The trial court denied Webb's motion for relief and he appealed that decision to the Nebraska Supreme Court raising the same issues. The Supreme Court upheld the trial court's denial. *State v. Webb,* 352 N.W.2d 624 (Neb.1984). In so ruling, the court agreed with the lower court's conclusion that the events of May 13, 1980, the day of arrest, were too remote in time to have any effect on Webb's decision to plead guilty on June 26, 1980.

Webb then filed a petition for habeas relief pursuant to 28 U.S.C. § 2254, raising the same issues presented to the state courts. In addition, Webb requested leave to expand the record and an evidentiary hearing on each of his claims.

The magistrate recommended that the district court deny Webb's petition. The magistrate first reviewed Webb's ineffective assistance of counsel claim under the standards established by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The magistrate found that Webb failed to allege any reason in support of his request to his attorney to withdraw the guilty plea, or to claim any prejudicial effect as a result of counsel's refusal. The magistrate concluded, therefore, that Webb's claim of ineffective assistance was "pure speculation," and that there was no need to convene an evidentiary hearing or to expand the record because Webb could not meet the *Strickland* standard.

The magistrate also rejected Webb's claim that his plea was not knowingly and voluntarily entered. In reaching that conclusion, the magistrate presumed that the state trial court's finding—that the events which occurred at the time of arrest were too remote in time to affect the plea—was correct. Finally, the magistrate dismissed Webb's (new) allegations that he was harassed by the Nebraska police immediately prior to his plea hearing as conclusory. Magistrate Piester then found that, under the circumstances, Webb could not overcome the presumption of verity that attached to the in-court representations made by Webb at the plea hearing. Based on those conclusions, the magistrate recommended that the district court deny Webb's petition for habeas relief and the court summarily adopted that recommendation.

Webb's one-page brief on appeal raises several new claims but does not attack any of the conclusions reached by the district court. We assume for purposes of this review, however, that Webb, a pro se petitioner, did not intend to waive the contentions he presented below. Nevertheless, it is clear that Webb's claims are without merit.

■ Federal courts are required to defer to the factual determinations of all state courts when reviewing habeas actions brought under 28 U.S.C. § 2254. *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981); *Crespo v. Armontrout,* 818 F.2d 684, 686 (8th Cir.1987). Moreover, "[w]hile a guilty plea taken in open court is not invulnerable to collateral attack in a postconviction proceeding, the defendant's representations during the pleataking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir.1985) (quoting *Blackledge v. Allison,* 431 U.S. 63, 73 (1977)).

■ Because the Nebraska Supreme Court resolved all of the factual questions concerning the voluntariness of Webb's plea, the district court correctly rejected Webb's request for an evidentiary hearing. *See Crespo,* 818 F.2d at 686. Additionally, Webb did not offer any facts to the lower court regarding the "conflict" which allegedly took place in the bathroom immediately prior to his hearing. As the lower court noted, the transcript from the hearing indicates clearly that Webb entered his plea knowingly and voluntarily. Thus, the district court did not err in denying Webb's petition for habeas relief. In light of this conclusion, Webb's claim that his counsel was constitutionally ineffective in failing to move for a withdrawal of the guilty plea is, *a fortiori,* without merit.

Accordingly, we affirm the district court's decision denying Webb's petition for habeas relief. *See* 8th Cir.R. 14.