**Phillip RODERICK, Appellant,**

v.

**Myrna TRICKEY, Appellee.**

No. 89–2154.

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1990.

Decided April 26, 1990.

See also, Mo.App., 750 S.W.2d 597.

Howard B. Eisenberg, Carbondale, Ill., for appellant.

Jared Richard Cone, Jefferson City, Mo., for appellee.

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

Phillip Roderick appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition claiming his guilty plea was involuntary. We affirm.

Roderick pleaded guilty to kidnapping for the purpose of inflicting physical injury or terrorizing the victim, second-degree robbery, and first-degree robbery. Under Missouri law, the first two offenses are Class B felonies and the third a Class A felony. *See* Mo.Rev.Stat. §§ 565.110, 569.-030, 569.020 (Supp.1985). Based on Roderick's previous criminal record, the state trial court found he was a persistent offender, *see id.* § 558.016 (Supp.1985), and sentenced Roderick to thirty years on each of the first two offenses and ten years on the third, with all sentences to run concurrently.

Roderick filed a motion for postconviction relief. After reviewing the plea transcript, the state postconviction court found

Roderick fully understood the plea and its implications and thus dismissed the motion. The Missouri Court of Appeals affirmed, and the Missouri Supreme Court denied an application for transfer.

Roderick then brought his habeas petition. The district court concluded the record showed Roderick understood the plea and dismissed his petition. On appeal, Roderick asserts he based his guilty plea on his attorney's statement that the state intended to proceed under the persistent offender statute if the case went to trial, and Roderick believed the statute would not be invoked on a guilty plea. Further, Roderick claims the prosecution violated the plea agreement.

The state postconviction court's factual findings are entitled to a presumption of correctness. *Webb v. Black,* 826 F.2d 769, 770 (8th Cir.1987). A review of the record shows no error by the postconviction court. The state trial court first found Roderick was a persistent offender and then asked for Roderick's response. Roderick withdrew his not guilty plea and chose to enter a guilty plea instead. Following Roderick's plea, the prosecutor informed Roderick that he could be sentenced as a persistent offender, and Roderick made no objection. Although the maximum sentence for a Class B felony is fifteen years without the persistent offender enhancement, *see* Mo.Rev.Stat. § 558.011.1(2) (Supp.1985), Roderick stated he understood he could be sentenced up to thirty years on each Class B offense, for a total of sixty years, plus a life sentence on the Class A offense. Roderick's habeas claim is thus nothing more than a bare contradiction of the statement he made at his guilty plea. *Tran v. Lockhart,* 849 F.2d 1064, 1068 (8th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 1561, 103 L.Ed.2d 863 (1989).

Roderick was not entitled to an evidentiary hearing on his breach of the plea bargain claim. Roderick's representations at the plea hearing are a "formidable barrier" in collateral proceedings. *Webb,* 826 F.2d at 770. Roderick was aware he had been charged and was to be sentenced as a per-

sistent offender. When the court asked if anyone had made any promises to him, he answered no. Roderick was thus bound by his answer, and he was not entitled to an evidentiary hearing on this issue. *Rogers v. Maggio,* 714 F.2d 35, 38 n. 5 (5th Cir. 1983); *see also Tran,* 849 F.2d at 1068.

Accordingly, we affirm.