Thomas J. INGRASSIA, Appellant,

v.

William ARMONTROUT,
Warden, Appellee.

No. 89–2092.

United States Court of Appeals,
Eighth Circuit.

Submitted April 12, 1990.

Decided May 15, 1990.

---

Peter C. Woods, St. Louis, Mo., for appellant.

Jared R. Cone, Jefferson City, Mo., for appellee.

Before ARNOLD and FAGG, Circuit Judges, and ROSS, Senior Circuit Judge.

ROSS, Senior Circuit Judge.

Thomas Ingrassia appeals from the district court's [1] order, adopting the recommendation of the magistrate,[2] and denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

Ingrassia pleaded guilty to two counts of forcible rape, one count of sodomy, and one count of assault with intent to ravish. He was sentenced to four concurrent twenty-five year terms. At Ingrassia's plea-taking, he admitted facts constituting the elements of the crimes charged and was advised that a possible sentence ranged from two years to life on each charge and that the state had recommended thirty years. He stated that he understood that the court intended to assess a penalty of twenty-five years. Ingrassia further acknowledged that no threats or promises had been made to induce his guilty plea, that he felt his attorney had done a good job, and that he knew of nothing his attorney should have done which was not done. The sentencing court believed he presented an immediate threat to society and denied his post-plea request for probation.

Ingrassia's state court motion for post-conviction relief alleged ineffective assistance of counsel in counsel's failure to investigate alibi witnesses, and that his plea was not knowing, voluntary and intelligent due to counsel's promises of probation, failure to advise him of defenses, and relayed threats of future charges by the prosecutor. Ingrassia testified that his attorney had assured him he would receive probation regardless of the years of his sentence. He claimed he therefore rejected a plea agreement for fifteen years. Ingrassia further testified that he provided his attorney with the names of his brother, father, and wife but they were not interviewed. Finally, Ingrassia stated he would not have pleaded guilty had he known there was a chance of serving prison time, and he con-

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. The Honorable William S. Bahn, United States Magistrate for the Eastern District of Missouri.

sidered his responses at the plea taking a mere "formality for the record" so that he could "get probation and go home." No other testimony was adduced. The state court held that Ingrassia's testimony was specifically contradicted by his sworn testimony at the time his plea was accepted and dismissed the motion. The Missouri Court of Appeals affirmed. Ingrassia's petition for federal habeas corpus relief, raising the same grounds, was denied without a hearing.

On appeal, Ingrassia challenges the district court's application of a presumption of correctness to the state court's findings, its holding that his plea was knowing, voluntary and intelligent and that he received effective assistance of counsel.

Under 28 U.S.C. § 2254(d), findings of fact in state court are presumed correct. *Sumner v. Mata*, 449 U.S. 539, 547, 101 S.Ct. 764, 769, 66 L.Ed.2d 722 (1981). A federal court is not to substitute its judgment as to the credibility of witnesses for that of the state court. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir.), *cert. denied*, 469 U.S. 842, 105 S.Ct. 148, 83 L.Ed.2d 86 (1984); *see also Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 850, 74 L.Ed.2d 646 (1983).

■ Here, the magistrate expressly deferred to the factual and credibility findings of the state court. Ingrassia argues that the magistrate applied the deference rule in too broad a fashion or that it should not have been applied at all because he did not have a full and fair hearing in state court. This contention is without merit. Ingrassia failed to avail himself of the opportunity to present other witnesses or evidence at his state court hearing. We conclude that proper deference was given to the state court's factual and credibility determinations.

■ Ingrassia next argues that the district court erred in finding that his guilty plea was knowing, voluntary and intelligent. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was

within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763 (1970)). The two-part test of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart, supra*, 474 U.S. at 58, 106 S.Ct. at 370. A habeas petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, petitioner would have insisted on going to trial rather than pleading guilty. *Id.* at 56–60, 106 S.Ct. at 369–71. As part of his representation, an attorney must make reasonable investigations or make reasonable decisions to forego particular investigations. *Strickland v. Washington, supra*, 466 U.S. at 691, 104 S.Ct. at 2066.

With regard to the plea itself, Ingrassia's representations at the plea-taking carry a strong degree of verity and pose a " 'formidable barrier in any subsequent collateral proceedings.' " *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977)). His later allegations are merely bare assertions which contradict his testimony at the plea hearing. Such contentions do not merit a federal evidentiary hearing. *See Webb v. Black*, 826 F.2d 769, 770 (8th Cir.1987). Ingrassia admitted at his plea-taking that he "raped a girl." He had been fully apprised of the consequences of his plea, and he denied he suffered from a mental disease or disorder, or that he was under the influence of drugs or alcohol. Ingrassia has not overcome his statements at the plea-taking that his plea was voluntary.

■ Finally, we reject Ingrassia's claim that he received ineffective assistance of counsel. We question Ingrassia's assertion that his counsel promised he would receive probation when he was charged with four serious offenses. Ingrassia also asserted

counsel failed to interview witnesses. Counsel told Ingrassia that because no one would believe his brother, father, or wife, there was no merit in pursuing an alibi. Ingrassia has not demonstrated that counsel's performance fell below an objective standard of reasonableness. *See Strickland v. Washington, supra,* 466 U.S. at 688, 104 S.Ct. at 2064.

Accordingly, we affirm the district court's denial of habeas relief.