46 F.3d 1136
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Terry Edward MCSHAN, Petitioner-Appellant,
v.
STATE of Missouri, Respondent-Appellee.
 No. 94-1935.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Nov. 15, 1994.
Filed: Jan. 9, 1995.
 
 Before RICHARD S. ARNOLD, Chief Judge, McMILLIAN, Circuit Judge, and REAVLEY,* Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Terry Edward McShan ("McShan"), a Missouri state prisoner, appeals the federal district court's denial of habeas corpus relief in his case. We affirm.
 
 BACKGROUND
 
 2
 McShan was convicted of second degree murder and second degree assault after pleading guilty to both offenses. He was sentenced to concurrent terms of 20 and 7 years of imprisonment. McShan sought post conviction relief in state court. Relief was denied and the denial was upheld on appeal. McShan subsequently filed a petition for writ of habeas corpus in federal district court. Adopting a magistrate's report and recommendation, the district court dismissed McShan's habeas petition. McShan appeals, arguing that the dismissal should be reversed because the district court erred by: 1) ruling that McShan received effective assistance of counsel; 2) ruling that McShan's plea of guilty was voluntary; and 3) not holding an evidentiary hearing with respect to his claim of ineffective assistance of counsel and his claim that his guilty plea was involuntary. We affirm.
 
 DISCUSSION
 
 3
 A habeas petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that the petitioner was prejudiced by his performance. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). A habeas petitioner challenging the effectiveness of counsel's advice during the plea process must demonstrate that counsel's advice was unreasonable because it was not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56 (1985).
 
 
 4
 McShan claims that his attorney did not provide effective assistance of counsel because he did not adequately prepare for trial. He claims that this lack of preparation caused him to plead guilty. At the sentencing hearing, however, McShan stated that he was satisfied with his attorney's representation. The court asked him if there was anything his attorney could have done that was not done and McShan answered that there was not. Likewise, at the sentencing hearing, McShan told the court that he was pleading guilty voluntarily and no one had forced him to do so. After assuring McShan that he could still change his mind about pleading guilty, the court asked McShan once again if anyone had forced him to enter a guilty plea. McShan acknowledged that he understood that he could still change his mind and once again stated that no one had forced him to plead guilty.
 
 
 5
 Based on these statements, the district court concluded that McShan's claim to ineffective representation was without merit, quoting this court as saying, "[the defendant's] representations at the plea-taking carry a strong degree of verity and pose a 'formidable barrier in any subsequent collateral proceedings.' " Ingrassia v. Armontrout, 902 F.2d 1368, 1370 (8th Cir. 1990)(citations omitted). McShan was aware of his counsel's performance at the time of the sentencing hearing. He has made no new revelations. McShan has not alleged any facts indicating that his attorney or anyone else led him to believe that he could not honestly answer the district court's questions. The judge specifically told McShan that it was not too late to change his mind. The record shows that the court advised McShan of his rights and disclosed the consequences of his guilty plea, after which McShan proceeded to plead guilty.
 
 
 6
 The district court did not err in finding that McShan's plea was not coerced and that he was not prejudiced by unreasonable representation of counsel. McShan's allegations to the contrary are contradicted by his own sworn testimony at the plea hearing and "do not merit a federal evidentiary hearing." Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The HONORABLE THOMAS M. REAVLEY, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation